UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JASON GUNN, # R4003                                                                      PETITIONER

V.                                                              CIVIL ACTION NO.1:08CV203-GHD-JAD

STATE OF MISSISSIPPI, ET AL.                                                            RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have filed a motion to dismiss asserting that this petition for writ of habeas corpus is untimely filed (Doc. 11). The petitioner has filed his response in opposition to the motion.

Title 28 U.S.C. §2244(d) provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On January 20, 1998, Gunn pled guilty to one count of drive-by shooting and one count of aggravated assault. He was sentenced to 20 years on each count in the custody of the Mississippi Department of Corrections. His sentences were to run concurrently with six years to serve, 14 years

suspended and five years of post release supervision. Gunn was released after expiration of the six year sentence.

Gunn's probation was revoked for failing to report to his field officer or to pay supervision fees. He was sentenced to serve seven years of the remaining 14 year suspended sentence. The present petition seeks to challenge this revocation. Because an order revoking probation or a suspension of sentence is not appealable under Mississippi law, *Griffin v .State,* 382 So.2d 289, 290 (Miss. 1988) (*citing Pipkin v. State*, 292 So.2d 181, 182 (Miss. 1974)), Gunn's new sentence was final on the day he was sentenced on January 14, 2004. Therefore, in the absence of a properly filed action for post conviction relief his federal petition had to be filed on or before January 14, 2005.

Gunn filed a complaint with the administrative remedy program of the Mississippi Department of Corrections on August 6, 2004. On August 20, 2004, a first step response was issued. Gunn continue to pursue the ARP procedure filing a second step complaint on August 26, 2004. Gunn received his second step response on September 16, 2004. Gunn's third step response was denied on October 12, 2004. The respondents contend that this action by Gunn suspends the running of the federal habeas period of limitations for the 85 days during which the ARP proceedings were pending. This would move his federal habeas petition deadline to Monday, April 11, 2005.[1]

An undated habeas corpus petition was filed by Gunn in the Alcorn County Circuit Court on July 19, 2005. On November 27, 2007, the Alcorn County Circuit Court dismissed Gunn's petition. Gunn filed a notice of appeal in the Mississippi Supreme Court on May 15, 2008. On July 23, 2008, the Mississippi Court of Appeals dismissed Gunn's appeal for failure to pay the costs of

---

[1] Because the end day is Saturday, April 9, 2005, two days are added to move the end date back to the first business day.

appeal. The state habeas petition and the appeal of its dismissal does not impact the calculation of the federal period of limitations because it was filed after the expiration of the federal period of limitations.

Gunn's petition in this court was filed sometime between the date it was signed on August 11, 2008, and the date it was received in the clerk's office on August 15, 2008. Accordingly, the petition was filed over three years too late.

Gunn seeks to obtain equitable tolling citing the fact that it is available in extraordinary circumstances. He makes no factual showing that his case is an extraordinary case. He shows at most simple ignorance of the law. This does not trigger equitable tolling.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice as untimely filed.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

3

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 27th day of January, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE